IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Brigette Fittery Goldberg, : **CASES CONSOLIDATED**
                   Petitioner :
: Nos. 1252 C.D. 2023
     v. :     1253 C.D. 2023
:     1254 C.D. 2023
Unemployment Compensation :     1255 C.D. 2023
Board of Review, :     1256 C.D. 2023
             Respondent : Submitted: November 7, 2024


BEFORE:   HONORABLE PATRICIA A. McCULLOUGH, Judge
              HONORABLE STACY WALLACE, Judge
              HONORABLE MARY HANNAH LEAVITT, Senior Judge


<u>OPINION NOT REPORTED</u>

MEMORANDUM OPINION
BY JUDGE WALLACE                       FILED: December 19, 2024


Brigette Fittery Goldberg (Claimant) petitions for review of the decisions and orders mailed September 19, 2023, of the Unemployment Compensation Board of Review (Board), concluding Claimant was ineligible for Pandemic Unemployment Assistance (PUA), Federal Pandemic Unemployment Compensation (FPUC), and Lost Wage Assistance (LWA) benefits and establishing non-fraud overpayments to recover the benefits she received. After careful review, we affirm.

## BACKGROUND

The Department of Labor and Industry issued notices of determination dated June 24, 2022, asserting Claimant had incorrectly received PUA, FPUC, and LWA benefits and establishing non-fraud overpayments. The notices explained Claimant was ineligible for PUA benefits because she was eligible for regular Unemployment

Compensation (UC) benefits. Further, the notices explained Claimant was ineligible for PUA benefits because she failed to authenticate her identity as required. Given that Claimant was ineligible for PUA benefits, she was also ineligible for FPUC and LWA benefits.

Claimant appealed to the UC referee, who held a telephone hearing on August 5, 2022. During the hearing, Claimant testified she was working two part-time jobs in Pennsylvania at the beginning of 2020 but lost them both because of the COVID-19 pandemic. Certified Record (C.R.) at 76-78. Claimant worked a third part-time job in New York. *Id.* at 79. Claimant testified she applied for regular UC benefits, but her application was denied because "[t]hey had said that [she] didn't work enough in Pennsylvania to get Pennsylvania Unemployment." *Id.* Claimant then applied for and received PUA benefits. *Id.* at 80. Claimant explained she received a document months later, indicating she was eligible for regular UC benefits. *Id.* at 81. Claimant conceded she could not provide documentation showing her claim for regular UC benefits was initially denied and did not upload proof of identity to her "PUA portal." *Id.* at 81-82.

The referee issued decisions, dated August 6, 2022, affirming the notices of determination. The referee concluded Claimant was ineligible for the PUA benefits she received because she did not provide documentation to establish ineligibility for regular UC benefits or to authenticate her identity. Because Claimant was ineligible for PUA benefits, the referee continued, she was also ineligible for FPUC and LWA benefits. The referee was "unable to conclude that . . . Claimant engaged in fraud in order to receive the benefits" and established non-fraud overpayments. C.R. at 87-88, 138-39, 191-92, 244-45, 296-97.

2

Claimant appealed to the Board. By decisions and orders mailed September 19, 2023, the Board affirmed the referee and adopted her findings and conclusions with slight modifications. Critically, the Board found Claimant "applied for regular [UC] benefits with an effective date of March 15, 2020," and "received UC benefits for the weeks ending March 21 to September 19, 2020." C.R. at 105, 156, 209, 262, 314. The Board agreed Claimant was eligible for UC benefits and, thus, ineligible for PUA benefits. The Board noted Claimant attached documentation to her appeal to authenticate her identity, but the Board declined to consider this documentation, reasoning it was not part of the record and Claimant would have been ineligible for PUA benefits regardless. The Board explained Claimant must repay her non-fraud overpayments but suggested she could "contact the UC Service Center and **request a waiver**." *Id.* at 106, 157, 210, 263, 315 (some emphasis omitted).

Claimant filed petitions for review in this Court. Claimant argues it is unfair for her to receive non-fraud overpayments because she was initially found ineligible for regular UC benefits and eligible for PUA benefits. Claimant's Br. at 4-7. She emphasizes the difficulty she faced in the early months of the COVID-19 pandemic, explaining she reached out for help with her initial claim for regular UC benefits but "received zero response." *Id.* Claimant contends she "desperately needed an income during the pandemic" and filed for PUA benefits only after receiving a regular UC denial notice. *Id.*

## DISCUSSION

We review UC orders for violations of the petitioner's constitutional rights, violations of agency practice and procedure, and other errors of law. 2 Pa.C.S. § 704. Additionally, we review whether substantial evidence supports the findings of fact necessary to sustain a decision. *Id.* Interpreting a statute presents a question of law

for which our standard of review is *de novo* and scope of review is plenary. *Meyer v. Cmty. Coll. of Beaver Cnty.*, 93 A.3d 806, 813 (Pa. 2014) (citing *Dechert LLP v. Commonwealth*, 998 A.2d 575, 579 (Pa. 2010)). This means we do not defer to the Board when reaching a decision, and we review the entire record on appeal. *Mercury Trucking, Inc. v. Pa. Pub. Util. Comm'n*, 55 A.3d 1056, 1082 (Pa. 2012) (citing *Heath v. Workers' Comp. Appeal Bd. (Pa. Bd. of Prob. & Parole)*, 860 A.2d 25, 29 n.2 (Pa. 2004)).

## A. PUA

PUA benefits are available under Section 2102 of the Coronavirus Aid, Relief, and Economic Security (CARES) Act, 15 U.S.C. § 9021. To be eligible for PUA benefits, a claimant must be a "covered individual" who is "unemployed, partially unemployed, or unable to work for the weeks of such unemployment with respect to which the individual is not entitled to any other unemployment compensation . . . or waiting period credit." 15 U.S.C. § 9021(b). The CARES Act defines a "covered individual," relevantly, as someone who "is not eligible for regular compensation or extended benefits under State or Federal law or pandemic emergency unemployment compensation." 15 U.S.C. § 9021(a)(3)(A)(i).

Despite Claimant's assertion that she was initially denied regular UC benefits, the Board found Claimant was eligible for and received regular UC benefits for the weeks ending March 21, 2020, through September 19, 2020. C.R. at 105-06, 156-57, 209-10, 262-63, 314-15. The Board found Claimant received PUA benefits at the same time, for the weeks ending March 21, 2020, through August 29, 2020. *Id.* The record supports the Board's findings, as it includes a document entitled "Claim Information and Application Snapshots," listing payments of regular UC and PUA benefits to Claimant and indicating she was "double paid." *Id.* at 12-14, 21-23.

4

Because Claimant was eligible for and received regular UC benefits, she was not a "covered individual" and was ineligible for PUA benefits under the CARES Act. 15 U.S.C. § 9021(a)(3)(A)(i), (b). The CARES Act instructs that a state "shall require" ineligible individuals to repay PUA benefits they received, **unless the state waives** repayment because "the payment of [PUA] was without fault on the part of any such individual; and . . . such repayment would be contrary to equity and good conscience." 15 U.S.C. § 9021(d)(4). Therefore, the Board correctly established a non-fraud PUA overpayment and encouraged Claimant to contact the UC Service Center to **request a waiver**.

**B. FPUC**

Further, FPUC benefits are available under Section 2104 of the CARES Act, 15 U.S.C. § 9023. An individual may receive FPUC benefits "with respect to any week for which the individual is (disregarding this section) otherwise entitled under the State law to receive regular compensation." 15 U.S.C. § 9023(b)(1). In this case, Claimant received FPUC benefits while she was eligible for and receiving regular UC benefits. Claimant was "otherwise entitled under the State law to receive regular compensation" and, accordingly, entitled to receive FPUC benefits with her regular UC benefits.[1] *Id.*

We reiterate, however, that Claimant received regular UC and PUA benefits simultaneously. FPUC benefits are available to a "covered individual" who receives PUA benefits. *See* 15 U.S.C. §§ 9021(d)(1)-(2), 9023(g)(1), (i)(2)(C). The "Claim Information and Application Snapshots" lists weeks during which Claimant received

---

[1] *See also* U.S. Dep't of Labor, *Unemployment Ins. Program Letter No. 15-20* (April 4, 2020), https://www.dol.gov/sites/dolgov/files/ETA/advisories/UIPL/2020/UIPL_15-20.pdf (last visited Dec. 18, 2024) (explaining FPUC "provides an additional $600 per week to individuals who are collecting regular UC" and defining "regular UC" as "compensation payable to an individual under any state UC laws . . . other than extended compensation and state additional compensation").

a "Stimulus Amount" of $540 with both her regular UC and PUA benefits. C.R. at 12-14, 21-23. This amount apparently represents the $600 FPUC benefit with taxes withheld. Claimant was ineligible for her PUA benefits and, as a result, could not receive duplicative FPUC benefits.

The Board established a non-fraud FPUC overpayment of $10,200, which is consistent with the 17 weeks of FPUC benefits listed in the "Claim Information and Application Snapshots" that Claimant received with her PUA benefits. The Board's overpayment does not appear to include FPUC benefits Claimant received with her regular UC benefits. Like PUA overpayments, the CARES Act provides a state may waive FPUC overpayments if it determines that "the payment of such [FPUC] . . . was without fault on the part of any such individual; and . . . such repayment would be contrary to equity and good conscience." 15 U.S.C. § 9023(f)(2). Thus, the Board correctly established a non-fraud FPUC overpayment and encouraged Claimant to contact the UC Service Center to **request a waiver**.

## C. LWA

LWA benefits are the product of an August 8, 2020 Presidential Memorandum "Authorizing the Other Needs Assistance Program for Major Disaster Declarations related to Coronavirus Disease 2019" (Presidential Memorandum)[2] based on Section 408(e)(2) of the Robert T. Stafford Disaster Relief and Emergency Assistance Act, 42 U.S.C. § 5174(e)(2). LWA benefits are available for "eligible claimants," which the Presidential Memorandum defines to include individuals who receive, "for the week lost wages assistance is sought, at least $100 per week of" PUA or regular UC benefits. Claimant was not entitled to PUA benefits, and the weekly benefit amount

---

[2] The Presidential Memorandum is available at https://trumpwhitehouse.archives.gov/presidential-actions/memorandum-authorizing-needs-assistance-program-major-disaster-declarations-related-coronavirus-disease-2019 (last visited Dec. 18, 2024).

for her regular UC benefits was only $91 per week.[3] C.R. at 13-14, 22-23. Because Claimant was not entitled to or did not receive the minimum $100 per week of PUA or regular UC benefits, she was ineligible for LWA benefits. Once again, a state may waive LWA overpayments if it determines that "the payment of [LWA] was without fault on the part of the individual; and . . . such repayment would be contrary to equity and good conscience." *See* Section 262(b) of the Continued Assistance for Unemployed Workers Act of 2020, Pub. L. No. 116-260, 134 Stat. 1182, 1962-63 (2020). Therefore, the Board correctly established a non-fraud LWA overpayment and encouraged Claimant to contact the UC Service Center to **request a waiver**.

## CONCLUSION

The Board correctly established non-fraud overpayments based on Claimant's improper receipt of PUA, FPUC, and LWA benefits. Although Claimant may view these overpayments as unfair or unreasonable, they are consistent with federal law. As the Board suggested, Claimant may **request a waiver** of the overpayments based on the argument she is without fault and requiring her to make repayments would be contrary to equity and good conscience.

_____
STACY WALLACE, Judge

---

[3] *See* U.S. Dep't of Labor, *Unemployment Ins. Program Letter No. 27-20, Change 1* (Aug. 17, 2020), https://www.dol.gov/sites/dolgov/files/ETA/advisories/UIPL/2020/UIPL_27-20_Change-1.pdf (last visited Dec. 18, 2024) (eligibility for LWA benefits "is determined at the individual level based on the individual's weekly benefit amount").

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Brigette Fittery Goldberg, | : | **CASES CONSOLIDATED** |
| Petitioner | : | |
| | : Nos. | 1252 C.D. 2023 |
| v. | : | 1253 C.D. 2023 |
| | : | 1254 C.D. 2023 |
| Unemployment Compensation | : | 1255 C.D. 2023 |
| Board of Review, | : | 1256 C.D. 2023 |
| Respondent | : | |

# **O R D E R**

    **AND NOW**, this 19th day of December 2024, the decisions and orders of the Unemployment Compensation Board of Review, mailed September 19, 2023, are **AFFIRMED**.

 

 

_____

STACY WALLACE, Judge